# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| ROGER WALDNER, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA. | No. C10-1003-LRR <br> No. CR06-1019-LRR <br><br> ORDER |

This matter appears before the court on Roger Waldner's motion for immediate release (docket no. 4), filed June 17, 2010, motion to expedite proceedings (docket no. 5), filed June 17, 2010, motion for evidentiary hearing (docket nos. 8 & 9), filed July 16, 2010 and August 10, 2010, motion to conduct discovery (docket no. 10), filed August 10, 2010, and second motion to expedite proceedings (docket no. 13), filed September 10, 2010. The government did not respond to any of those motions, and the court did not order it to do so. The court now turns to consider the motions filed by Roger Waldner ("the movant").

The movant pleaded guilty to two counts and he is currently serving a 120 month term of imprisonment. The Eighth Circuit Court of Appeals affirmed the sentence that the court imposed. Further, filing a motion under 28 U.S.C. § 2255 is not a substitute for claims that could have been raised at the trial level or on direct appeal. The standard for obtaining relief under 28 U.S.C. § 2255 is onerous. And, the movant is not entitled to relitigate issues that have already been resolved. Given the record, it is highly unlikely that the movant is entitled to any relief under 28 U.S.C. § 2255. It necessarily follows that the movant is not entitled to release pending the outcome of his motion to vacate, set aside

or correct sentence. Accordingly, the movant's motion for immediate release (docket no. 4) is denied.

It is not unusual for actions filed under 28 U.S.C. § 2255 to take years to resolve, especially considering the fact that the court's docket is full. In addition, the instant action is moving much faster than many actions that were filed before the movant sought relief. Accordingly, the movant's motions to expedite proceedings (docket nos. 5 & 13) are denied.

Concerning the movant's motion for evidentiary hearing and motion to conduct discovery, the court reviewed the record and does not believe a hearing or discovery is warranted at this time. *See* Rule 8, Rules Governing Section 2255 Proceedings (addressing evidentiary hearing) Rule 6, Rules Governing Section 2255 Proceedings (addressing discovery). Accordingly, the movant's motion for evidentiary hearing (docket nos. 8 & 9) and motion to conduct discovery (docket no. 10) are denied.

**IT IS SO ORDERED.**

**DATED** this 10th day of January, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA